[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11956
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80444-CV-WPD

GARY A. FIORETTI,

Plaintiff-Appellant,

MICHELLE M. FIORETTI,

Plaintiff,

versus

CFI MORTGAGE,
FIRST UNITED MORTGAGEBANC, INC.,
STEPHEN WILLIAMS,
JAMES T. KOWALCYZK,
WEINICK, SANDERS, LEVENTHAL & COMPANY, et al.,

Defendants-Appellees,

ELLEN WILLIAMS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(September 13, 2005)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment in favor of Weinick, Sanders, Leventhal & Company, LLP and Martin Leventhal ("the Leventhal defendants") on plaintiff's claim against them pursuant to the Racketeer Influence and Corrupt Organizations Influence Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d). The Leventhal defendants, who are professional accountants, were alleged by plaintiffs to have violated RICO by engaging in a scheme with their clients to steal businesses and assets from plaintiffs through sham acquisition transactions. The case proceeded to trial against the clients, but not before the district court granted summary judgment as to the Leventhal defendants, finding that the record raised no genuine issues of material fact as to their participation in a RICO conspiracy to defraud plaintiffs out of their businesses and assets.

We review *de novo* the district court's order granting summary judgment, applying the same legal standards that govern the district court. *Info. Sys. and Net.*

*Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). Summary judgment is proper when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a summary judgment, we view the evidence in the light most favorable to the non-moving party. *Beck v. Prupis*, 162 F.3d 1090, 1096 (11th Cir. 1998).

After reviewing the record in accordance with these standards of review, we conclude that the district court correctly granted summary judgment for the Leventhal defendants. The record establishes that their involvement in these financial transactions amounted to, at most, the performance of their professional accounting duties for a client. Like the district court, we find no evidence sufficient to establish that the Leventhal defendants entered into any agreement with their clients to engage in a scheme to steal business and assets from the plaintiffs or to commit two RICO predicate acts. Therefore, summary judgment was proper.

**AFFIRMED.**